RECEIVED
JUL - 9 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 04-10021 |
| -vs- | JUDGE DRELL |
| MARCUS DARON PENNYWELL (01) | MAGISTRATE JUDGE KIRK |

## RULING AND ORDER

Before the Court is Defendant's "Motion for Reconsideration" (Document No. 54), in which Mr. Pennywell complains his sentence was improperly calculated such that he was not given full advantage of the changes made by the United States Sentencing Commission in accordance with the Fair Sentencing Act of 2010 ("FSA").[1]

Pursuant to U.S.S.G. § 1B1.10(a)(2)(B):

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) – . . . if an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

Additionally, "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3).

---

[1] As the Fifth Circuit explained in United States v. Robinson, 2012 WL 2302369 (5th Cir. 2012):

> The Sentencing Commission . . . amended the drug quantity table in U.S.S.G. § 2D1.1, effective November 1, 2011. See United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C-Vol. III, Amendment 750, at 391-98 (Nov. 1 2011) (Amend. 750). Amendment 750, Part A, re-promulgated portions of temporary emergency Amendment 748, which altered the base offense levels for various crack cocaine quantities in the drug quantity tables of § 2D1.1(c) to conform with the new statutory sentences set out in the FSA.

Taking into account the nature of the offenses charged in this case (Possession with Intent to Distribute Cocaine Base, Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime, Possession of a Firearm and Ammunition by a Convicted Felon, and Possession of a Firearm by a Person Subject to a Protective Order), and the fact the defendant was properly determined to be a career criminal, the provisions of U.S.S.G. § 4B1.1 (c) were correctly applied. § 4B1.1 is utilized when certain career criminals have been convicted of multiple offenses, and at least one of those offenses, as in Mr. Pennywell's case, involves the possession of a firearm in furtherance of a drug trafficking crime. The guideline provisions assure that these "Career Offenders" receive a sentence of imprisonment "at or near the maximum term authorized."[2]

In reaching an appropriate sentence, the Court is not to carve out a specific portion of the guidelines to make the final offense determination. The entire offense conduct, the defendant's criminal history, and any applicable Chapter Four enhancements are incorporated into the guideline calculations, using the grouping rules and the directives of § 4B1.1, to arrive at a final guideline determination. When the Career Offender guideline is greater than the guideline otherwise applicable using the provisions of Chapters Two and Three, the Career Offender guideline is applicable.

The application of the Career Offender guideline to Mr. Pennywell's situation originally resulted in a guideline range of 262 to 327 months as to Counts One, Three, and Four, as well as a guideline range of 262 to 327 months for Count Two, the count charging possession of a firearm during and in furtherance of a drug trafficking crime

---

[2] U.S.S.G. § 4B1.1, Background.

2

under 28 U.S.C. § 924(c)(1). U.S.S.G. § 5G1.2(e), which addresses sentencing on multiple counts of conviction, provides:

> In a case in which subsection (c) of § 4B1.1 (Career Offender) applies, to the extent possible, the total punishment is to be apportioned among the counts of conviction, except that (1) the sentence to be imposed on a count requiring a minimum term of imprisonment shall be at least the minimum required by statute; and (2) the sentence to be imposed on the 18 U.S.C. § 924(c) or § 929(a) count shall be imposed to run consecutively to any other count.

In sentencing Mr. Pennywell, the Court applied the Career Offender guideline and imposed the following sentence: Count 1, two hundred sixteen (216) months; Count 2, sixty (60) months, to run consecutively to all other counts; Count 3, one hundred twenty (120) months to run concurrently to Counts 1 and 4; and Count 4, one hundred twenty (120) months to run concurrently to Counts 1 and 3. The total punishment of 276 months fell within the guideline range of 262 to 327 months. The Court did not deviate from the guideline range in imposing the sentence for Count 1 (the crack cocaine count). Rather, we just followed the directives of § 4B1.1 to arrive at the total punishment for all four counts. Subsequently, when we recalculated the guidelines in light of the FSA, the Career Offender guideline was applicable and did not result in a final, lower guideline range.

For these reasons, the defendant is not eligible for any reduction in his sentence, and the "Motion for Reconsideration" (Document No. 54) is DENIED.

SIGNED on this 9 day of July, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE

3